FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2022 NOV 14 PM 12:51

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

DAN'ELLE HUGHES

       Plaintiff,

V.

       Case No.:

SCHOOL BOARD OF

SEMINOLE COUNTY, FLORIDA,

       Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, DAN'ELLE HUGHES, Pro Se and sues the Defendant, SCHOOL BOARD OF SEMINOLE COUNTY, and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. SS 1331, 1367.

2. Venue lies within the United States District Court for the Middle District of Florida, Orlando Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C.1391(b).

## PARTIES

3.       Plaintiff, DAN'ELLE HUGHES, is a resident of Seminole County

Florida.

4.      Defendant, SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA, is a legal entity created by the Florida Constitution to provide a system of public education within Seminole County, Florida. At all times material, Defendant employed Plaintiff. At all times material, Defendant employed the requisite number of employees and, therefore, is an employer as defined by the Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, and 42 U.S.C. §1981.

5.      At all times material, Plaintiff was an employee of Defendant within the meaning of the Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

6.      At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

8.      Plaintiff is Pro Se and represents herself in this action.

9.      Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

10.     On September 09, 2020, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

11. On August 15, 2022, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. This Complaint has been filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

12. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, Florida Statutes, because more than one-hundred and eighty (180) days have passed since the filing of the Charges.

## FACTUAL ALLEGATIONS

13. Plaintiff is a Black/African American female.

14. In or around August 2016, Plaintiff began her career with Defendant as an Exceptional Student Education (ESE) Support Facilitator. Plaintiff completed the EPI program, general knowledge, exceptional education and the subject area exam. Plaintiff's contract was not renewed based on the fact she lacked a teacher's certification.

15. In August 2016, Plaintiff began working at Lake Brantley High School, where she remained until her termination from employment.

16. During her employment with Defendant, Plaintiff consistently performed well, was rated as "Highly Effective," and had her annual contract renewed every year until her termination.

17. For the 2017-2022 school year, Plaintiff was the head coach of the men's track team.

18. Plaintiff was never reprimanded during her time at Lake Brantley High School.

19. Brian Blasewitz became the new Principal at Lake Brantley High School for the 2019-2020 school year.

20. On or about July 31, 2019, Plaintiff met with Blasewitz, to discuss a leave of absence.

21. On March 10, 2022, Plaintiff returned her Intent to Return letter to Cindy Daniels (Principal's Secretary), and Brian Blasewitz (Principal).

On May 27, 2020, Blasewitz informed Plaintiff that her contract would not be renewed for 2020-2021.

22. Plaintiff was also relieved of her position as head coach without prior notice.

23. In response, Brian Blasewitz apologized to the Plaintiff via email on June 1, 2020 acknowledging the oversight. Plaintiff was also informed that the track team was moving in a different direction.

24. Plaintiff was replaced with a male head coach.

25. Plaintiff was named as a witness in a complaint filed by a coworker in a separate EEOC complaint.

26. Plaintiff's name and telephone number was uploaded into the EEOC portal, which was seen by administration and legal at Seminole County Public Schools.

27. Consequently, Plaintiff as well as other individuals uploaded in the EEOC were terminated or harassed to quit.

28. On September 09, 2020, Plaintiff filed her first Charge of Discrimination with the EEOC on behalf of herself and a class of Black/African American employees. Plaintiff asserted that she was being retaliated against for being included in the

Contact list and Charging Party list of an EEOC complaint. Moreover, Plaintiff stated that Defendant failed to renew Plaintiff's contract for the upcoming school year.

31. During the early Spring of 2020, Defendant began making decisions regarding contract renewal of its annual contract employees.

32. Based on information and belief, Plaintiff was replaced by a male.

33. Based on information and belief, a Black/African American co-worker of Plaintiff also filed a race-based Charge of Discrimination with the EEOC.

## COUNT I

## TITLE VII-RETALIATION

34. Plaintiff, DAN'ELLE HUGHES, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

37. Plaintiff engaged in protected activity by opposing employment practices made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII"). Specifically, Plaintiff opposed racial harassment and discrimination by making good-faith complaints to Defendant. Plaintiff also engaged in protected activity by participating in the EEO process by filing a Charge of Discrimination with the EEOC.

38. In retaliation for engaging in protected activity, Plaintiff suffered adverse employment actions when she was terminated/had her contract non-renewed.

39. Stated differently, the adverse employment action suffered by Plaintiff at the hands of Defendant is causally connected to her opposition and resistance of racial harassment and discrimination, as well as her participation in the EEO process.

40. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of Title VII of the Civil Rights Act of 1964.

41. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally-protected rights of Plaintiff.

42. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

## COUNT II

### FLORIDA CIVIL RIGHTS ACT-RETALIATION

43. Plaintiff, DAN'ELLE HUGHES, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

44. Plaintiff engaged in protected activity by opposing an employment practice

made unlawful by the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Specifically, Plaintiff opposed racial harassment and discrimination by making good-faith complaints to Defendant. Plaintiff also engaged in protected activity by participating in the EEO process by filing a Charge of Discrimination with the EEOC.

45. In retaliation for engaging in protected activity, Plaintiff suffered adverse employment action when she was terminated/had her contract non-renewed by Defendant.

46. Stated differently, the adverse employment action suffered by Plaintiff at the hands of Defendant is causally connected to her opposition and resistance of racial harassment and discrimination, as well as her participation in the EEO process.

47. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of the Florida Civil Rights Act.

48. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

49. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

  f.  Fees and costs;

  g.  Injunctive relief;and

  h.  For any other relief this Court deems just and equitable.

## COUNT III

### 42 U.S.C.S1981-RETALIATION

50. Plaintiff, DAN'ELLE HUGHES, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33 ).

51. Plaintiff suffered adverse employment actions for engaging in protected activity under the 42 U.S.C. §1981. Specifically, Plaintiff made good-faith, reasonable complaints of discrimination (both internally and through the EEOC) based on her race and was terminated/had her contract non-renewed by Defendant.

52. The aforementioned actions by Defendant constitute retaliation by Defendants in violation of 42 U.S.C. §1981.

53. Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

54. Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

55. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

  a.  Back pay and benefits;

  b.  Prejudgment interest on back pay and benefits;

  C.  Front pay and benefits;

  d.  Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

  e.  Punitive damages;

  f.  Fees and costs;

  Injunctive relief; and

  h.  For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

56. Plaintiff, DAN'ELLE HUGHES, demands a trial by jury on all issues so triable.

DATED this 13th day of November.

DAN'ELLE HUGHES

GREGG A. Johnson
johnsogz@scps.k12.fl.us
400 E. Lake Mary Blvd
Sanford, FL 32773-7127
(407) 340-6478 (Cell)
(407) 320-0420 (Office
(407) 320-0474(fax)
Attorneys for ~~Plaintiff~~ Defendent

Dan'Elle Hughes
1895 West 18th Street
Sanford, FL. 32771
407-782-8046